## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

TRACY L. CARD, individually and
on behalf of J.D., a minor,

     Plaintiff,

v.                                                                            Case No:  5:15-cv-5-Oc-30PRL

CITRUS COUNTY SCHOOL BOARD,

     Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon pro se Plaintiff Tracy L. Card's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), Request for the Appointment of Counsel for the Minor Child (Doc. 3), and Motion to Allow Pro Se Party to E-File (Doc. 7).  For the reasons that follow, Plaintiff's request to proceed *in forma pauperis* is granted, her request for appointment of counsel for minor J.D. is granted to a limited extent as described herein, and her request to e-file is denied without prejudice.

## BACKGROUND

On January 5, 2015, Plaintiff initiated this action as an appeal from an administrative decision on behalf of herself and her minor child, J.D., alleging violations of the Individuals with Disabilities Education Act ("IDEA") by the Citrus County School Board (the "School Board").  (Doc. 1).  By her complaint, Plaintiff appears to seek review of an October 7, 2014 final order issued by Administrative Law Judge ("ALJ") Lawrence P. Stevenson

regarding provision of a free appropriate public education ("FAPE") and appropriate individualized education plan ("IEP") for her minor child J.D.[1]  Plaintiff has not provided the Court with any records from the administrative proceeding and has not provided a copy of the final order she seeks to challenge.[2]

Plaintiff raises nine issues regarding the ALJ's decision, including that the ALJ erred by (1) determining that the stay-put question was one of ultimate placement and failing to reimburse Plaintiff for the cost of private placement during the pendency of the administrative proceedings, (2) not including all challenged IEPs in his final order, (3) not awarding Plaintiff compensatory services for the School Board's failure to implement a transfer IEP, (4) rejecting Plaintiff's argument that the failure to include a general education teacher in the IEP team denied J.D. a FAPE, (5) failing to issue directives regarding a behavior intervention plan and emergency health care plan, (6) failing to issue directives to the School Board requiring it to consider existing evaluations and concerns of the parent, (7) considering J.D.'s gifted eligibility at the time of the decision rather than at the time services should have been reinstated, (8) failing to award J.D. compensation for a lack of assistive devices and accommodations, and (9) rejecting Plaintiff's argument regarding a conflict of interest.

---

[1]In the complaint, Plaintiff notes two additional pending administrative proceedings involving the same parties, but it is unclear the extent to which these additional proceedings are related to the administrative proceeding at issue.

[2]Plaintiff is at least moderately familiar with this process because she filed a similar action in 2009 in the Orlando division of this Court. *See Card v. Smith et al.*, No. 6:09-cv-932-Orl-35GJK (M.D. Fla. 2009).

Although Plaintiff has styled her complaint as an appeal from an administrative decision, she does not request reversal and remand for reconsideration. Rather, Plaintiff appears to seek compensation and reimbursement for the loss of educational benefits for J.D., but she does not specifically describe the relief she requests. It is also unclear whether Plaintiff seeks injunctive or declaratory relief.

## DISCUSSION

### A. Plaintiff's Request to Proceed *In Forma Pauperis*

In considering requests to proceed *in forma pauperis*, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. *See* 28 U.S.C. § 1915(a)(1). However, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).

An action is frivolous or malicious where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or without "an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992). Whether a plaintiff has failed to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (stating that the standards of Rule 12(b)(6) apply to dismissals under § 1915(e)). Rule 12(b)(6) permits dismissal of a complaint or claim if the facts, as pled, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009).  If a court determines from the face of the complaint that the action is frivolous or fails to state a claim on which relief can be granted, the court may conclude that the case has little or no chance of success and dismiss the complaint.

Nevertheless, in reviewing a pro se complaint, the court must hold the pro se pleading to a less stringent standard and must construe the complaint liberally.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." (citation omitted)).  Although courts afford liberal construction to pro se litigants' pleadings, litigants appearing pro se must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Plaintiff initiated this action pursuant to the IDEA, which is intended "'to ensure that all children with disabilities have available to them a free appropriate public education and . . . related services designed to meet their unique needs.'"  *Ortega v. Bibb Cnty. Sch. Dist.*, 397 F.3d 1321, 1324 (11th Cir. 2005) (quoting 20 U.S.C. § 1400(d)(1)(A)).  Pursuant to the IDEA, disabled children are entitled to an evaluation by which the appropriate authorities develop an IEP, which sets forth educational and developmental goals for the child.  *Id.*  (citing 20 U.S.C. § 1414).  The IDEA also enumerates procedural rights which allow parents and children to file a complaint with the school district and attend a due process hearing if they are not satisfied with the IEP.  *Id.* at 1325 (citing 20 U.S.C. § 1415).

If a local educational agency conducts the due process hearing, then the parents and child can appeal to the state educational agency. *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 526 (2007); *see also* § 1415(g)(1). Only after the state educational agency has made a final decision, may the parties file a civil action in federal court. *Winkelman*, 550 U.S. at 526; *see also* § 1415(i)(2).

Under the IDEA, not only do the children have enforceable rights, but the children's parents have enforceable rights as well, and those rights are not limited to procedural or reimbursement matters. *Winkelman*, 550 U.S. at 533. Accordingly, a parent may also be an aggrieved party pursuant to § 1415(i)(2), and have the right to bring a claim on his or her own behalf in federal court. *See Devine v. Indian River Sch. Bd.*, 121 F.3d 576, 582 (11th Cir. 1997), *overruled in part on other grounds by Winkelman*, 550 U.S. at 535. Nevertheless, before a plaintiff can file suit under the IDEA, he or she must exhaust all administrative remedies available under the IDEA. *See M.T.V. v. DeKalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1158 (11th Cir. 2006). ("[W]hether claims asserting the rights of disabled children are brought pursuant to the IDEA, the ADA, Section 504, or the Constitution, they must first be exhausted in state administrative proceedings.").

As will be discussed in greater detail below, Plaintiff is not permitted to proceed pro se on J.D's behalf. However, it also appears that Plaintiff seeks to raise claims on her own behalf because she seeks compensation and reimbursement for certain services she alleges she provided J.D. when the School Board failed to provide them. To the extent Plaintiff submits claims on her own behalf, those claims are deficient because she has failed to allege all material facts and elements of each claim. Indeed, without the administrative

record or even an account of the administrative proceeding she challenges, it is difficult for the Court to discern the exact nature of Plaintiff's claims. The complaint is practically incoherent without the context of the administrative proceedings and does not give Defendant fair notice of Plaintiff's claims or the legal basis for those claims. Additionally, Plaintiff has not established that she has exhausted administrative remedies. *See* 20 U.S.C. § 1415(i)(2)(C)(i), (*l*).

Nevertheless, Plaintiff meets the standard of indigency and is entitled to proceed *in forma pauperis*. But since Plaintiff's complaint, to the extent she raises claims on her own behalf, is deficient, Plaintiff's complaint should be dismissed without prejudice, and Plaintiff will be permitted leave to file an amended complaint. To correct the deficiencies noted above, Plaintiff must allege all material facts and elements of each claim and set forth a clear statement of the relief she requests. Plaintiff must also establish that she has exhausted administrative remedies and must provide the Court with a complete record of the administrative proceedings she seeks to challenge.

**B. Appointment of Counsel for Minor J.D.**

No absolute right to counsel exists in civil cases, and appointment of counsel is only warranted in exceptional circumstances. *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996). Here, Plaintiff may not proceed pro se on J.D.'s behalf. *See Devine*, 121 F.3d at 582 (holding that "parents who are not attorneys may not bring a pro se action on their child's behalf—because it helps to ensure that children rightfully entitled to relief are not deprived of their day in court by unskilled, if caring, parents"). Although the issues are not terribly complex, because J.D. cannot bring these claims on his own behalf and because

the relief sought by the claims is time sensitive, the Court will grant Plaintiff's motion to appoint counsel for J.D.  However, counsel's involvement at this time will be limited to determining whether J.D.'s claims are meritorious.  The Court has already located counsel willing to evaluate J.D.'s claims, but should counsel evaluate J.D.'s claims and find no merit or decline representation, Plaintiff may not pursue claims on J.D.'s behalf pro se.

**C. Allowing Plaintiff to E-file**

In light of the Court's rulings on Plaintiff's prior motions, the Court concludes that it is unnecessary to allow Plaintiff to e-file at this time.  However, should Plaintiff's claims go forward, Plaintiff may renew her motion requesting a log in and password for CM/ECF.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is GRANTED.

2.  Plaintiff's complaint is DISMISSED without prejudice.  Plaintiff may file an amended complaint correcting the deficiencies noted above.  The deadline by which Plaintiff may file the amended complaint shall be set by separate order following evaluation of the claims asserted on J.D.'s behalf by counsel.

3.  Request for the Appointment of Counsel for the Minor Child (Doc. 3) is GRANTED, provisionally, to the extent that counsel has been located to evaluate the merit of J.D.'s potential claims.

4.  Plaintiff is directed to contact Attorney Bryan Hull on or before February 24, 2015, to discuss J.D.'s claims.

>       Bryan Hull, Esq.
>       (813) 224-9255
>       BHull@bushross.com

5.  Should Mr. Hull find merit to J.D.'s claims and should he wish to represent J.D.

further, Mr. Hull shall file a notice of appearance on or before April 13, 2015.  In the event

Mr. Hull declines to enter an appearance, he shall file a notice with the Court explaining

the same.

6.  Plaintiff's Motion to Allow Pro Se Party to E-File (Doc. 7) is DENIED without

prejudice.  In the event Plaintiff's claims go forward, Plaintiff may file a renewed motion

requesting a log in and password for CM/ECF.

7.  The Clerk is directed to email or mail copies of all filings in this case to Attorney

Bryan Hull.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of February, 2015.


_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record
Bryan Hull, Esq.

S:\OCALA\15-5 Card et al v. Citrus Cnty. Sch. Bd..docx